IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONY MARSHALL (R10987), | ) | |
| | ) | |
| Petitioner, | ) | Case No. 20 C 4420 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| GREGG SCOTT,[1] Warden, Jacksonville Correctional Center, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

In July 2020, pro se petitioner Tony Marshall filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254(d)(1). Before the Court is Respondent's motion to dismiss without prejudice due to Marshall's failure to exhaust his state court remedies. For the reasons discussed below, the Court grants Respondent's motion.

**Background**

When considering habeas petitions, federal courts presume that the factual findings made by the last state court to decide the case on the merits are correct unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Lentz v. Kennedy*, 967 F.3d 675, 678 (7th Cir. 2020). Where Marshall has not provided clear and convincing evidence to rebut this presumption, the following factual background is based on the Illinois Appellate Court's decision on direct appeal.

Following a bench trial in January 2015, Marshall was convicted of being an armed habitual criminal under 720 ILCS 5/24–1.7(a). In June 2015, the circuit court judge sentenced him as a Class

---

[1] Because Gregg Scott is the Warden of Jacksonville Correction Center where Marshall is incarcerated, the Court substitutes Scott as the Respondent under Federal Rule of Civil Procedure 25(d).

X offender to nine years in prison. On direct appeal, Marshall argued that the armed habitual criminal statute is facially unconstitutional and that his sentence was excessive. On March 14, 2018, the Illinois Appellate Court affirmed his conviction and sentence. In his petition for leave to appeal ("PLA") to the Illinois Supreme Court, Marshall renewed his challenge to the constitutionally of the armed habitual criminal statute. The Illinois Supreme Court denied Marshall's PLA on May 30, 2018.

While his direct appeal was pending, in January 2017, Marshall filed a petition for relief from judgment under 735 ILCS 5/2-1401 in the circuit court. In his initial and amended petitions, Marshall argued that: (1) his armed habitual criminal conviction was void because it was based on an unconstitutional aggravated unlawful use of a weapon conviction; (2) he was arrested in violation of the Fourth Amendment; and (3) the State committed misconduct before the grand jury and misled the grand jury with false testimony. The circuit court judge denied the petition. On appeal, Marshall's counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), after which the Illinois Appellate Court concluded that there was no issue of arguable merit, granted counsel's motion, and affirmed the circuit court's judgment. Marshall then brought his Fourth Amendment and void judgment claims in his PLA that the Illinois Supreme Court denied on May 27, 2020.

In the interim, in March 2018, Marshall filed a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, arguing: (1) he is actually innocent, (2) trial counsel was constitutionally ineffective; (3) counsel on direct appeal was constitutionally ineffective; (4) the State withheld evidence in violation of *Brady v. Maryland*; and (5) the State presented the perjured testimony of a police officer. To date, Marshall's post-conviction petition remains pending in the circuit court.

Turning to his pro se habeas petition and construing it liberally, *Taylor v. JPMorgan Chase Bank,* 958 F.3d 556, 562 (7th Cir. 2020), Marshall brings the following claims: (1) the circuit court and his trial counsel failed to advise him of the charges against him; (2) the police lacked probable cause under the Fourth Amendment to arrest him; (3) the circuit court failed to follow the appropriate rules in relation to his petition for relief of judgment; (4) trial counsel was constitutionally ineffective; (5) counsel on direct appeal was constitutionally ineffective; and (6) counsel on appeal from the denial of the petition for relief from judgment was constitutionally ineffective.

**Legal Standard**

"[A] state prisoner must exhaust his remedies in state court before seeking relief in federal court." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister,* 834 F.3d 808, 815 (7th Cir. 2016) (citation omitted). "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018).

**Discussion**

*Non-Cognizable Habeas Claims*

Before addressing Respondent's exhaustion arguments, the Court turns to Marshall's claims that are not cognizable on habeas review. The federal habeas statute "permits persons in state custody to apply for habeas relief on the ground that their custody violates the Constitution or laws of the United States." *Conroy v. Thompson*, 929 F.3d 818, 819 (7th Cir. 2019); *see also* 28 U.S.C. § 2254(a). Thus, to obtain federal habeas relief under § 2254(d)(1), "the state court's decision must be

an unreasonable application of federal law—not a state court's resolution of a state law issue." *Kimbrough v. Neal*, 941 F.3d 879, 882 (7th Cir. 2019). Accordingly, Marshall's habeas claim based on the circuit court failing to follow the rules of Illinois state statute 735 ILCS 5/2-1401 is thus not cognizable on habeas review. *See Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S.Ct. 13, 178 L.Ed.2d 276 (2010) ("it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). In fact, in his response brief, Marshall agrees this claim should be dismissed.

Marshall's habeas claim that his counsel on appeal from the denial of his petition for relief from judgment under 735 ILCS 5/2-1401 fares no better because the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Martinez v. Ryan*, 566 U.S. 1, 17, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012) ("§ 2254(i) precludes [petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief.'"). Marshall's ineffective assistance claim based on his post-conviction counsel is untenable.

Next, Marshall's claim that police lacked probable cause under the Fourth Amendment to arrest him is barred by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). More specifically, the Supreme Court in *Stone* held that when a "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at the trial." *Id.* at 482. Here, the record reflects that Marshall had a full and fair opportunity in state court to bring his Fourth Amendment claim – he brought this claim in his petition for relief from judgment, on appeal, and in his PLA to the Illinois Supreme Court.

*Procedural Default*

As to Marshall's habeas claim that he was not properly informed of the charges against him, Marshall points out that raised this claim to the Illinois Appellate Court in response to his counsel's *Finley* motion. Marshall, however, did not bring this claim in his PLA to the Illinois Supreme Court. Marshall has thus procedurally defaulted this claim because he did not exhaust it through one full round of review and complete exhaustion is no longer available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

*Failure to Exhaust*

Marshall has two remaining claims that are cognizable on habeas review, namely, his ineffective assistance of trial and appellate counsel claims. Marshall concedes that he has not exhausted these two claims because his post-conviction petition is pending in state court. Because these remaining, cognizable claims are unexhausted, the Court grants Respondent's motion. Once Marshall's post-conviction proceedings have concluded, he may file an amended habeas petition with these two ineffective assistance of counsel claims.

**Conclusion**

For these reasons, the Court grants Respondent's motion to dismiss Marshall's petitioner's petition for a writ of habeas corpus without prejudice [9]. Civil case terminated.

**IT IS SO ORDERED.**

DATE: 11/6/2020

Entered _____
**SHARON JOHNSON COLEMAN**
**United States District Court Judge**